UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**WOODY HAMILTON**                                                **PLAINTIFF**

**v.**                     **CIVIL ACTION NO. 4:09CV-P42-M**

**PENDLETON DECKER et al.**                            **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Woody Hamilton, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

### I. SUMMARY OF CLAIMS

At the time pertinent to the complaint, Plaintiff was incarcerated at the Grayson County Detention Center. He sues in their individual and official capacities the following employees of the Grayson County Detention Center: Corrections Officer Pendleton Decker; Medical Tech Debbie Webb; and Nurse Rita Wilson. He states that on November 16, 2008,[1] he fought with another inmate over a card game, prompting Defendant Decker to enter the cell and "jump on plaintiff's back." Plaintiff further states that Defendant Decker used excessive force by taking Plaintiff's left arm and pushing it so far behind his back that he broke Plaintiff's left shoulder. Plaintiff states that he was eventually taken to medical where he was seen by Defendant Webb. He alleges that she violated his Eighth Amendment rights when she diagnosed him with having no injury to his arm and sent him back to his cell. He further states that no medical treatment

---

[1] The complaint actually states the date as November 16, 2009. However, it is clear from both the attachments to the complaint and the fact that the complaint was filed in May 2009 that Plaintiff meant to identify the year as 2008.

was given to him until the afternoon of the next day when he was sent to the hospital. He further states that Defendant Wilson violated his Eighth Amendment rights by interfering with treatment from his doctor by not giving him his prescribed medication, specifically by stopping his pain medication prescribed by the doctor for his left shoulder. He states that Defendant Wilson alleged that she did so because Plaintiff was hiding his medication, which he denies. Finally, Plaintiff states that he has attempted to exhaust the grievance procedure without response. As relief, Plaintiff wants $100 monetary damages, injunctive relief in the form of better medical treatment at the jail, and punitive damages of $20 million.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims for injunctive relief

As part of the relief Plaintiff seeks, he asks for better medical treatment at the jail. To the

extent that Plaintiff's request for relief can be construed as requesting injunctive relief, his requests are moot because he is no longer incarcerated at the Grayson County Detention Center. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

### *B. Official-capacity claims*

Plaintiff sues Defendants in their official capacities. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, Plaintiff's claims against Defendants in their official capacity are actually brought against the Grayson County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S.

469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

In the instant case, nothing in the complaint identifies a policy or policies causing the alleged constitutional violations. The Court will dismiss Plaintiff's official-capacity claims by separate order.

## B. Individual-capacity claims

The Court will allow Plaintiff's individual-capacity excessive-force claim against Defendant Decker and his individual-capacity Eighth Amendment claims against Debbie Webb and Rita Wilson to go forward. In doing so, the Court passes no judgment on the ultimate merit of those claims.

## III. CONCLUSION

The Court will enter a separate Order dismissing Plaintiff's claims for injunctive relief and the official-capacity claims. The Court also will enter a Scheduling Order to govern the development of the remaining claims.

Date:


cc: Plaintiff, *pro se*
　　　Defendants
　　　Grayson County Attorney
4414.009